IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, ) <br> ) <br>   Plaintiff, ) <br> ) <br> v. ) <br> ) Case No. 2:25-cv-2421-JPM-cgc <br> JOHN DOE, subscriber assigned IP Address ) <br> 75.64.119.102, ) <br> ) <br>   Defendant. ) <br> ) | |

**ORDER GRANTING LEAVE TO SERVE THIRD-PARTY SUBPOENAS PRIOR TO A RULE 26(f) CONFERENCE**

Before the Court is Plaintiff Strike 3 Holdings, LLC's ("Plaintiff") *ex parte* Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference and accompanying Memorandum in Support, both filed on April 28, 2025. (ECF Nos. 14, 15.) Plaintiff seeks early discovery to ascertain Defendant's identity. For the reasons set forth below, the Motion is **GRANTED**.

I.   **BACKGROUND**

Plaintiff is the copyright owner of several "adult motion pictures." (ECF No. 1 ¶ 2.) Plaintiff brings this copyright infringement action against John Doe ("Defendant"), an internet subscriber assigned IP address 75.64.119.102. (Id. at PageID 1.) Plaintiff alleges Defendant used an Internet-based anonymous peer-to-peer file sharing platform, BitTorrent, to illegally download and distribute fifty-seven (57) of its adult motion pictures in violation of 17 U.S.C. §§ 106 and 501. (Id. ¶ 4, 55.) Plaintiff seeks a permanent injunction to prevent Defendant from

continuing to infringe Plaintiff's copyrights, an order that Defendant delete and permanently remove the digital files and infringing copies relating to Plaintiff's copyrights, statutory damages, attorneys' fees, and costs. (Id. at PageID 9–10.)

Plaintiff, however, does not know and cannot itself determine Defendant's identity beyond his or her IP address. (See id. ¶ 12; ECF No. 15 at PageID 30–31.) Plaintiff now moves for leave to serve a subpoena on Defendant's Internet Service Provider ("ISP"), Comcast Cable Communications, LLC ("Comcast Cable") "so that Plaintiff may learn Defendant's identity, investigate Defendant's role in the infringement, and effectuate service." (ECF No. 15 at PageID 31.) According to Plaintiff, Comcast Cable is the only party with the information necessary to identify Defendant by correlating the IP address with Defendant's identity. (Id. at PageID 30–31.) Plaintiff argues without early discovery to determine Defendant's identity, it cannot effectuate service of process or investigate the merits of its claims against Defendant. (See id. at PageID 31.)

## II.    LEGAL STANDARD

A party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order." Fed. R. Civ. P. 26(d)(1). Early discovery, such as the subpoena requested here, is frequently authorized in copyright infringement cases where a plaintiff can show good cause. See Strike 3 Holdings, LLC v. Doe, No. 22-10419, 2022 WL 1205008, at *1 (E.D. Mich. Apr. 22, 2022); Sojo Prods. Inc. v. Does 1–67, No. 12-599, 2012 WL 6607838, at *2 (E.D. Tenn. Dec. 18, 2012); Arista Records, LLC v. Doe, 604 F.3d 110, 119 (2d Cir. 2010); see also 8A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2046 (3d ed. updated April 2023) ("[C]ourts presented with requests for immediate

discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard.").

Courts within the Sixth Circuit often apply the Second Circuit's framework in Arista to determine good cause. See, e.g., Strike 3 Holdings, LLC v. Doe, No. 2:24-CV-02069-JPM-ATC, 2024 WL 1941695, at *1 (W.D. Tenn. May 2, 2024) (McCalla, J.); Strike 3 Holdings, 2022 WL 1205008 at *1; Malibu Media, LLC v. John Does 1–31, 297 F.R.D. 323, 328 (W.D. Mich. 2012). The Arista framework consists of the following five factors:

> (1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, ... (2) [the] specificity of the discovery request, ... (3) the absence of alternative means to obtain the subpoenaed information, ... (4) [the] need for the subpoenaed information to advance the claim, ... and (5) the [objecting] party's expectation of privacy.

Arista Records, 604 F.3d at 119 (alterations in original).

### III.     ANALYSIS

The Court finds the Arista factors weigh in favor of granting Plaintiff's Motion. First, Plaintiff has established a prima facie case of copyright infringement by alleging it owns a valid copyright and Defendant copied original elements of that copyright. See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991); (see ECF No. 1 ¶¶ 52–55; ECF No. 15-3 at PageID 66.)

Second, Plaintiff's discovery request seeks sufficiently specific and narrow information in that it seeks only the corresponding name and physical address of Defendant. See Malibu Media, 297 F.R.D. at 328; (ECF No. 15 at PageID 36.)

Third, the Court agrees there are no alternative means to ascertain Defendant's name and address, given the anonymous nature of the Internet. Indeed, "only after filing suit and subpoenaing the ISP can [Plaintiff] obtain the actual name[] and address[] of [Plaintiff]." See

3

TCYK, LLC v. Does 1–13, No. 13-CV-296-WMC, 2013 WL 4084751, at *1 (W.D. Wis. Aug. 13, 2013).

Fourth, Plaintiff has demonstrated that a subpoena on Comcast Cable is necessary to pursue this litigation. Without Defendant's name and address, it cannot properly effectuate service of process or determine whether Defendant is a proper party to this action. See id.; (ECF No. 15 at PageID 37; ECF No. 15-1 at PageID 46.)

Fifth, Defendant's expectation of privacy will be protected. "[C]omputer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator." Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001); see Third Degree Films, Inc. v. Does 1–72, No. 12-14106, 2012 WL 12931709, at *2 (E.D. Mich. Nov. 13, 2012) (finding the defendants accused of copyright infringement "do not have a reasonable expectation of privacy in their internet subscriber information").

The Court, however, is cognizant of the fact that that the subject matter of this litigation may cause Defendant unnecessary embarrassment, even if he or she is not the proper party. Thus, to balance Plaintiff's need for discovery against Defendant's right to anonymity, the Court issues a protective order (the "Protective Order"). See Strike 3 Holdings, LLC v. Doe, 329 F.R.D. 518, 522 (S.D.N.Y. 2019) (finding good cause to issue protective order where "substantial risk for false positive identifications that could result in 'annoyance, embarrassment, oppression, or undue burden or expense.'") (quoting Fed. R. Civ. P. 26(c)(1)).

To counteract a risk that Plaintiff would coerce a settlement against Defendant by threatening to unmask him or her in this suit, the Protective Order prohibits Plaintiff from initiating any settlement discussions without leave of Court. Furthermore, to avoid any unnecessary burden to Comcast Cable, the Protective Order provides ample time for the ISP to

identify and serve Defendant and allows Comcast Cable to seek the costs of complying with the subpoena from Plaintiff. The Protective Order also protects Defendant from any potential embarrassment or reputational harm that may arise from misidentification or the subject matter of the copyright by allowing Defendant to litigate this action anonymously.

## IV.     CONCLUSION

Because the Arista factors weigh in favor of granting early discovery, the Court **GRANTS** Plaintiff's Motion for Leave to Serve a Rule 45 Subpoena on Comcast Cable to obtain Defendant's name and address. See 604 F.3d at 119.

The Court will docket the Protective Order and an attached Notice to Defendant separately. Failure to comply with any of the conditions may result in an award of sanctions.

Plaintiff must attach a copy of the instant Order, the separate Protective Order, and the Notice to Defendant with its subpoena.

**IT IS SO ORDERED** this the 8th day of May, 2025.


                          /s/ Jon P. McCalla
                          JON P. McCALLA
                          UNITED STATES DISTRICT COURT JUDGE